UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GARGANUS T. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00487-JPH-MPB |
| | ) | |
| MR. UPCHURCH, | ) | |
| ROBERT SHRINER, | ) | |
| AMANDA ADAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE
## TO FILE BELATED SURREPLY AND
## GRANTING DEFENDANT ADAMS' MOTION FOR SUMMARY JUDGMENT

In this prisoner civil rights action, the Court liberally construed Mr. Moore's complaint to allege that the defendants discriminated against him on the basis of race when they refused to change his work assignment after he passed a test to become a materials handler and when they ignored his request to move to a more desirable work schedule, yet allowed another inmate to change his work schedule. His complaint further alleged that the defendants retaliated against him by firing him from his job for exercising his First Amendment right to file grievances regarding his work issues.

On February 22, 2019, defendant Amanda Adams moved for summary judgment on both claims against her. Dkt. 93.[1] Mr. Moore responded, and Ms. Adams replied. Dkt. 98, dkt. 105.

---

[1] On March 8, 2019, defendants Shriner and Upchurch moved for partial summary judgment on the racial discrimination claim against them. Dkt. 99. The Court will address their motion by separate Order.

# I.       Surreply Motions

Mr. Moore filed a motion for extension of time to file a belated surreply and a motion for leave to file a belated surreply to defendant Adams' reply.  Dkt. 109, dkt. 112.

Local Rule 56-1(d) states:

> A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections.

Here, Mr. Moore seeks to file a belated surreply to address two issues in Ms. Adams' reply brief. First, Ms. Adams stated that Mr. Moore had not filed an affidavit when in fact he had. Second, Mr. Moore states that during his deposition he was confused as to how to keep his discrimination and retaliation claims separate and that he did not intend to abandon either claim.

Ms. Adams argues that his motions fail to comply with Local Rule 6-1(a)(5), which requires that any request for extension of time must be filed at least three business days prior to the due date, and Local Rule 56-1(d), which requires that surreplies be filed within seven days of the reply. Whether the Court holds pro se litigants to the consequences of violating the Court's Local Rules is a matter of discretion, *Gray v. Hardy*, 826 F.3d 1000, 1004-05 (7th Cir. 2016) (holding that district courts are not required to hold pro se litigants to the potential consequences of their failure to comply with the Local Rules and can instead take "a more flexible approach," including by ignoring the deficiencies in their filings and considering the evidence they submit).

Moreover, Mr. Moore states that he did not receive Ms. Adams' response until April 2, 2019, the day his motion for extension of time would have been due. As an inmate, Mr. Moore does not have unfettered access to legal materials to prepare his court filings. Instead, he can only attend the law library for limited periods of time when prison officials schedule him to do so. Under these circumstances, the Court will not preclude Mr. Moore from filing a surreply because

it was not filed within the deadlines established in the local rules.

Ms. Adams also asserts that Mr. Moore's surreply does not comply with the local rule because her response did not contain new or objectionable evidence. But Mr. Moore's proposed surreply corrects Ms. Adams' incorrect assertion that he did not submit an affidavit. It also attempts to explain Mr. Moore's confusion at his deposition regarding his discrimination claim. Again, it is within the Court's discretion whether to enforce the local rules against a pro se litigant. Under the circumstances presented here, the Court will consider the information provided in Mr. Moore's surreply. Therefore, Mr. Moore's motion for extension to file belated surreply, dkt. [109], and motion for leave to file belated surreply, dkt. [112], are **granted**. The Court will consider Mr. Moore's surreply when deciding Ms. Adams' motion for summary judgment.

## II.    Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

### III.        Undisputed Facts

While incarcerated at Correctional Industrial Facility, Mr. Moore worked in the Brake Shop from July 2017 to December 2017. During that time, his job responsibilities included disassembling brakes, otherwise known as "delining." Sometime in November, Mr. Moore requested a transfer to a different shift because he had passed the first part of a test to become a fork lift driver and would be able to complete the second part of the test and eventually drive a fork lift on the other shift. Mr. Moore's request was not granted but a Caucasian inmate who requested the same transfer after Mr. Moore was transferred to the more desirable shift. Dkt. 129-1, p. 24.

Mr. Moore filed two grievances in November 2017 to complain about not getting the shift change he requested and not receiving eight hours credit for working. Ms. Adams did not have control over which offenders got which transfers. Dkt. 95-4.

On December 21, 2017, Ms. Adams wrote-up Mr. Moore for his failure to do the job assigned to him. Dkt. 95-4. Mr. Moore has provided sworn testimony that on December 22, 2017, Ms. Adams told him that he would be delining permanently and that "if you don't like your job position then quit and go complain and writing grievance [sic] as you do." Dkt. 98-12, p. 1. Ms. Adams has provided sworn testimony that she did not have access to Mr. Moore's grievances or talk to anyone about his grievances. Dkt. 95-4.

On that same day, Mr. Moore received a performance evaluation signed by defendant Upchuch that said, "Per class to INP – Offender Moore, Garganus 170307 has been told on numerous occasions to stop complaining about job assignments and do the job given. Stay on your job site without walking away." Dkt. 129-3. His overall rating was marked "unacceptable." *Id.* Mr. Moore was ultimately terminated from job in the Brake Shop. Mr. Moore testified during his deposition that he was "okay" at delining and had received two good performance reviews. Dkt. 129-1, p. 10.

Mr. Moore acknowledged in his deposition that Ms. Adams did not have access to his grievances, but he speculates that it is common sense that Ms. Adams would have talked to correctional officers who knew about his grievances. Dkt. 129-1, pp. 42-44. He asserts that Ms. Adams had him fired in retaliation for the grievances. *Id*., pp. 47-48.

## IV.    Discussion

### A.  Retaliation Claim

Ms. Adams moves for summary judgment on Mr. Moore's First Amendment retaliation claim against her. To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at

least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Ms. Adams does not dispute that Mr. Moore has shown that he participated in activity protected by the First Amendment when he filed grievances or that his firing was a deprivation that would likely deter future First Amendment Activity. Ms. Adams only argues that Mr. Moore is unable to meet the third element for retaliation because he cannot show that Ms. Adams was aware of Mr. Moore's grievances.

Ms. Adams' sworn affidavit states that she did not have access to grievance files and did not have any conversation with anyone about Mr. Moore's grievances. Therefore, his grievances could not have been a motivating factor to establish retaliation. But Mr. Moore's sworn affidavit states that Ms. Adams told him, "if you don't like your job position then quit and go complain and writing grievance [sic] as you do."[2] Dkt. 98-12, p. 1. Mr. Moore also swore to this statement in his verified complaint. Dkt. 1, p. 6.

At his deposition, Mr. Moore testified that while Ms. Adams did not have access to his grievances, it is common sense that correctional officers who knew about the grievances would have talked to Ms. Adams about them because the grievances implicated Ms. Adams. Dkt. 129-1, pp. 43-44. Mr. Moore's common-sense speculation alone could not "overcome the contrary evidence" that she did not know about his grievances. *Devbrow v. Gallegos*, 735 F.3d 584, 588 (7th Cir. 2013); *see also Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) ("common

---

[2] Ms. Adams failed to address Mr. Moore's affidavit in her reply brief. Instead, she asserted that he had not filed an affidavit. When Mr. Moore sought the Court's permission to file a surreply to correct Ms. Adams' mistake, Ms. Adams opposed Mr. Moore's motion and stated "Adams mistakenly said that Moore did not file an affidavit, which he did file; however, the analysis of her argument did not [sic] change." Dkt. 111. Ms. Adams failed to recognize that Mr. Moore's affidavit *did* change the foundation of her argument as she could no longer claim that her affidavit regarding her lack of knowledge of Mr. Moore's grievances was undisputed. Or, at the least, she needed to address Mr. Moore's allegation that she had referenced his past grievances just before he was fired.

sense" alone is not proof of retaliation). However, Mr. Moore's sworn statement that Ms. Adams referenced his grievances shortly before he was fired is sufficient to create a disputed issue of material fact as to whether Ms. Adams retaliated against Mr. Moore for his grievances by firing him.

Ms. Adams argues in the alternative that Mr. Moore was fired for his poor job performance, but material issues of fact remain regarding his job performance as well. Moreover, evidence of poor job performance does not defeat Mr. Moore's claim because the First Amendment activity only needs to be a motivating factor in the retaliatory action. In other words, Mr. Moore could have been fired in retaliation even though his job performance was poor. Ms. Adams is therefore not entitled to summary judgment on Mr. Moore's retaliation claim.

## B. Racial Discrimination Claim

Mr. Moore alleges that Ms. Adams discriminated against him on the basis of race when she did not honor his request to transfer to a different shift. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1). *See Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016) ("The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right.").

Ms. Adams argues that Mr. Moore abandoned his discrimination claim during his deposition when he stated that he was not discriminated against on the basis of race. Dkt. 129-1, p. 17. Mr. Moore submitted an affidavit after his deposition which states that he was confused

about the law on retaliation and discrimination at his deposition, but that he does believe the defendants discriminated against him on the basis of race. Dkt. 122-2.

Although a plaintiff cannot create an issue of material fact by submitting an affidavit that contradicts earlier sworn testimony unless it is shown that the deposition testimony was mistaken, *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 759, (7th Cir. 2006), the Court need not decide whether Mr. Moore's deposition testimony was mistaken. Assuming Mr. Moore maintains his claim of racial discrimination against Ms. Adams, he has not overcome her sworn statement that she had no authority to transfer him to a different work shift. Instead his deposition testimony shifts from conceding that Ms. Adams had no authority to transfer him, to at most admitting that he does not know whether she had such authority. Dkt. 129-1, pp. 14, 18-19, 23. He has produced no admissible evidence that Ms. Adams had the authority to transfer his work shift and therefore he cannot show that her failure to do so was discriminatory. Ms. Adams is entitled to summary judgment on this claim.

## V.     Conclusion

Ms. Adams' motion for summary judgment, dkt. [93], is **granted as to Mr. Moore's discrimination claim and denied as to Mr. Moore's retaliation claim**. No partial final judgment shall issue at this time.

Because it is the Court's preference that Mr. Moore be represented by counsel for trial or any potential settlement conference, the Court will attempt to recruit counsel to represent him. Mr. Moore shall have **through October 25, 2019,** in which to file a motion for recruitment of counsel or object to the recruitment of counsel on his behalf. **The clerk is directed** to include the motion for counsel form with Mr. Moore's copy of this Order.

**SO ORDERED.**

Date: 9/30/2019

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GARGANUS T. MOORE
170307
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov

Tiffany Lynn Gooden
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
tiffany.gooden@ogletree.com

Christopher C. Murray
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
christopher.murray@ogletreedeakins.com

Brandon M. Shelton
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
brandon.shelton@ogletreedeakins.com

Jordan Michael Stover
INDIANA ATTORNEY GENERAL
jordan.stover@atg.in.gov